UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT E. TILLARD,

                                    Petitioner,                         18-CR-6091-FPG
                                                                                   21-CV-6658-FPG

v.

                                                                                            DECISION AND ORDER

UNITED STATES OF AMERICA,

                                  Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Robert E. Tillard has moved to vacate his conviction pursuant to 28 U.S.C. § 2255. ECF No. 100.[1] The government moves to dismiss the motion, arguing that it is untimely. ECF No. 104. Because the Court agrees, Petitioner's motion to vacate is DENIED.

## DISCUSSION

On June 15, 2020, this Court entered judgment against Petitioner, who had pleaded guilty to one count of possession of marijuana with intent to distribute and one count of felon in possession of a firearm. ECF Nos. 75, 97. Petitioner did not appeal. Petitioner filed his motion to vacate more than one year later, on October 14, 2021.[2] *See* ECF No. 100. Consequently, his motion is untimely.

28 U.S.C. § 2255(f) imposes a one-year statute of limitations on motions brought under Section 2255. The limitation period begins to run from the latest of several potential dates, including "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). Where, as here, a criminal defendant does not appeal his conviction, "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Forshee*

---

[1] All ECF references cited in this decision are associated with Case No. 6:18-CR-6091.

[2] In accordance with the prison mailbox rule, the Court will treat the date that Petitioner prepared the motion as the filing date. *See Grant v. United States*, No. 18-CV-1166, 2020 WL 7640938, at *2 n.1 (W.D.N.Y. Dec. 23, 2020).

*v. United States*, No. 17-CV-6322, 2018 WL 1256179, at *2 (W.D.N.Y. Mar. 12, 2018). An appeal in a criminal case must be filed "within fourteen days of judgment." *Superville v. United States*, 771 F. App'x 28, 31 (2d Cir. 2019) (summary order); *see also* Fed. R. App. P. 4(b)(1)(A)(I).

In this case, Petitioner's time to appeal the judgment elapsed on June 29, 2020—fourteen days after entry of judgment. Petitioner therefore had until June 29, 2021—one year later—to file his motion. Petitioner did not file his petition until October 2021, more than three months after the deadline. Therefore, the motion is untimely under Section 2255(f)(1). And because Petitioner's filings do not suggest that any other subsection of Section 2255(f) may apply, Petitioner's motion must be deemed untimely.[3]

The only remaining question is whether equitable tolling applies. "Section 2255(f) . . . is subject to equitable tolling in appropriate cases." *Barrett v. United States*, 961 F. Supp. 2d 403, 407 (D. Conn. 2013). "[A] petitioner is entitled to equitable tolling of the one-year statute of limitations if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (internal quotation marks omitted). "To warrant equitable tolling, the circumstances of a case must be extraordinary." *Id.* (internal quotation marks omitted). "When

---

[3] Petitioner appears to claim that he did not learn of the counsel's errors until after his plea. *See* ECF No. 100 at 4-5. Arguably, this could implicate Section 2255(f)(4), under which the one-year limitation period runs from "the date a duly diligent person in [the petitioner's] circumstances would have discovered the facts supporting his claim of ineffectiveness." *Ewing v. United States*, No. 21-CV-9750, 2022 WL 17417290, at *4 (S.D.N.Y. Dec. 5, 2022). But Petitioner fails to allege "any facts regarding how he learned of his attorney's alleged ineffectiveness," *id.*, which prevents the Court from determining (a) whether Petitioner exercised the necessary diligence to discover the facts supporting his claims, and (b) whether Petitioner filed his motion within one year of discovering said facts. Since it is Petitioner's burden to make that showing, *Alvarez v. United States*, No. 08-CR-1192, 2019 WL 1428350, at *6 (S.D.N.Y. Mar. 29, 2019), the Court cannot find his motion timely under Section 2255(f)(4). *Accord Moore v. United States*, 438 F. App'x 445, 448 (6th Cir. 2011) (subsection (f)(4) not applicable where the petitioner did not offer any evidence "regarding when he discovered that his attorney" had provided ineffective assistance); *Ortiz v. United States*, No. 14-CV-3376, 2015 WL 1607922, at *1 (D. Md. Apr. 7, 2015) (petitioner did not provide sufficient information "to support a timeliness analysis under § 2255(f)(4)," where his papers did not mention "a date when such facts could have been discovered—simply that he did not initially realize some of the errors in his case"); *Ewing*, 2022 WL 17417290, at *4.

determining what constitutes 'extraordinary' circumstances, [the Second Circuit has] observed that the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* (internal quotation marks omitted).  In other words, the petitioner must demonstrate "a causal relationship between the extraordinary circumstances and the lateness of his filing."  *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal ellipsis omitted).  This standard cannot be met if the petitioner, "acting with reasonable diligence, could have filed on time" notwithstanding the extraordinary circumstances.  *Id.*

Petitioner requests tolling because, due to the COVID-19 pandemic, he had difficulty accessing the facility's law library and was unable to obtain the correct legal form for his motion. ECF No. 106 at 3.  Even if true, Petitioner fails to provide sufficient evidence that his difficulty accessing these resources actually "stood in his way and prevented timely filing" of his motion. *Wright*, 945 F.3d at 684.  Per Rule 2(b)(1)-(3) of the Rules governing Section 2255 Proceedings, a motion to vacate filed under Section 2255 need only "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," and "state the relief requested." Petitioner does not articulate why he needed access to the law library or any particular "legal form" in order to prepare a motion that met those requirements.  Petitioner could have simply "prepare[d] and submit[ted] a simple [] document" in a timely manner "to preserve his rights under § 2255." *Hines v. United States*, No. 20-CV-10064, 2021 WL 2456679, at *3 (S.D.N.Y. June 16, 2021). Indeed, that is what Petitioner ultimately did: the motion he filed includes a few factual allegations supporting his claims, with no citations to legal authority and no developed legal argument.  Given the simplicity of the motion Petitioner actually filed, the Court cannot discern any reason why Petitioner needed access to the law library or any particular "legal forms" in order to complete and file his motion.  *See, e.g., Farley v. Director, TDCJ-CID*, No. 21-CV-676, 2022 WL 2183305, at

3

*4 (E.D. Tex. Apr. 20, 2022) ("Petitioner presents no evidence that diminished access to the law library or to legal forms actually prevented him from filing his federal petition." (internal quotation marks omitted)); *Mairs v. Fields*, No. 20-CV-1451, 2021 WL 4311140, at *2-3 (E.D.N.Y. Sept. 22, 2021) (limited access to law library or legal assistance due to COVID-19 pandemic did not justify equitable tolling, where, *inter alia*, "Petitioner made no legal arguments that would have required lengthy library access prior to submission").

Furthermore, Petitioner does not proffer sufficient facts to show that he pursued his rights diligently during the relevant period. *See Wright*, 945 F.3d at 684. Indeed, Petitioner does not describe any of the efforts he made to submit a timely position. *See Mairs*, 2021 WL 4311140, at *2 (noting that "limited access to law library facilities or legal assistance does not excuse a petition from the diligence requirement" and that "courts still require some showing of effort"); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (summary order) (where petitioner sought equitable tolling due to "limited law library [access] in the wake of COVID-19," finding equitable tolling inappropriate because petitioner failed to show "that he was pursuing his rights diligently throughout the one-year window").

Accordingly, Petitioner has not shown that equitable tolling is warranted under the circumstances. His motion to vacate is untimely and mut be dismissed.[4]

---

[4] Because Petitioner does not present a claim that "he did not commit the acts underlying his conviction," the "actual-innocence gateway around § 2255(f) is not available to him." *Hines*, 2021 WL 2456679, at *3.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss (ECF No. 104) is GRANTED. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2255—filed as a motion to vacate at ECF No. 100 in Case No. 6:18-CR-6091-FPG—is DISMISSED. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close the civil case associated with the petition (Case No. 6:21-CV-6658-FPG).

IT IS SO ORDERED.

Dated: February 7, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York